**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Pruitt, | No. CV-08-2136-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa Integrated Health System; and Maricopa County, | |
| Defendants. | |

Pending before the Court is the Motion for Summary Judgment filed by Defendants Maricopa Integrated Health System ("MIHS") and Maricopa County (the "County"). (Dkt. # 36.) As set forth below, the Court grants the Motion.

## DISCUSSION

The Rules of Practice of the U.S. District Court for the District of Arizona (the "Local Rules") provide that a party's failure to respond to a motion for summary judgment may, in the Court's discretion, "be deemed a consent" to the Court's granting of judgment in favor of the movant. *See* LRCiv. 7.2(i). Before granting the motion pursuant to 7.2(i), however, a district court generally must warn the plaintiff of "the consequence of his failure to respond to the [opposing party's] summary judgment motion." *See Brydges v. Lewis*, 18 F.3d 651, 652–53 (9th Cir.1994). Additionally, a district court abuses its discretion if it "grant[s] a motion for summary judgment where the movant's papers are insufficient to support that

motion or on their face reveal a genuine issue of material fact." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (quotation omitted).

Upon examination of Defendants' Motion, and in the absence of any Response, the Court grants summary judgment in Defendants' favor. To begin, Mr. Pruitt is in violation of Local Rule 7.2(i). Though Defendants filed their Motion for Summary judgment on February 26, 2010, Mr. Pruitt, through his attorney Rosemary Stathakis Cook, has not filed a timely Response, nor has he sought extensions of time to do so. Accordingly, on April 6, 2010, the Court ordered Mr. Pruitt to file a responsive memorandum and warned him that failure to do so could be deemed a consent to the granting of judgment in Defendants' favor. (Dkt. # 39.) Mr. Pruitt, however, still has not filed any Response. *See Brydges*, 18 F.3d at 652–53.

The Court further finds that Defendants' moving papers are sufficient to support summary judgment as those papers demonstrate the absence of genuine issues of material fact. *See Henry*, 983 F.2d at 950. In his Amended Complaint, Mr. Pruitt claims that he was discriminated against in violation of the Americans with Disabilities Act ("ADA"), the Arizona Employment Protection Act ("AEPA"), and the Occupational Safety and Health Act ("OSHA"). (*See* Dkt. # 1, Ex. 1.) Specifically, Mr. Pruitt alleges that Defendants discriminated against him on the basis of an alleged disability when he was terminated from his position at MIHS . (*Id.*) Mr. Pruitt also claims that he was discriminated against under the ADA when Defendants transferred him to a new department and denied his request for a reasonable accommodation. (*Id.*) Finally, Mr. Pruitt alleges that he was retaliated against for informing the local Occupation, Safety and Health Office of unsafe working conditions at MIHS. (*Id.*) Defendants, however, present undisputed evidence to refute Mr. Pruitt's claims. *See* Fed. R. Civ. Pro. 56(c) (providing that summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law").

First, Mr. Pruitt's ADA claims fail as a matter of law. While Mr. Pruitt contends in his Amended Compliant that he was discriminated against when MIHS terminated him, the undisputed evidence provides that he is still employed by MIHS. (*See* Dkt. # 38 at ¶ 27.)

With respect to Mr. Pruitt's claim that MIHS discriminated against him by transferring him to another department, the evidence provides that Mr. Pruitt explicitly consented to that transfer. (*Id.* at ¶ 3.) Defendants also present evidence that they provided Mr. Pruitt a reasonable accommodation under the ADA; when Mr. Pruitt informed MIHS that a disability prevented him from preforming work that involved certain chemicals, the undisputed record provides that Defendants found a similar position for Mr. Pruitt that allowed him to work without exposure to potentially dangerous chemicals. (*Id.* at ¶ 24, 27.)

Next, Mr. Pruitt's AEPA claim fails. While Mr. Pruitt claims that he was terminated in violation of Ariz. Rev. Stat. § 23-1501, the undisputed record provides that he was not terminated, but that he continues to work for MIHS. (*See* Dkt. # 38 at ¶ 27.) Hence, there are no genuine issues of fact with respect to Mr. Pruitt's AEPA claim.

Defendants also present undisputed evidence that Mr. Pruitt was not retaliated against under OSHA for informing the local office of the Occupation, Safety, and Health Administration of allegedly unsafe working conditions at MIHS. While Mr. Pruitt alleges in his Amended Complaint that he was transferred to a different position because he told the Administration that MIHS was using unsafe chemicals, the record provides that the transfer took place six months before Mr. Pruitt complained to the Administration. (*Id.* at ¶ 28.) Since the transfer took place several months *before* Mr. Pruitt engaged in a protected activity, the transfer cannot serve as the basis for his retaliation claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Dkt. # 36) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to **TERMINATE** this matter and enter judgment in Defendants' favor.

DATED this 15th day of April, 2010.

_____
G. Murray Snow
United States District Judge